**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALVIN GREEN and ROSANA SILVERIO | § § § | |
| *Plaintiffs,* | § § § | |
| V. | § § | CASE NO. 4:13cv92 Judge Clark/Judge Mazzant |
| BANK OF AMERICA, N.A. | § § § | |
| *Defendant.* | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On September 16, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant's Motion for Summary Judgment [Doc. #33] be granted [Doc. #38]. On September 26, 2013, Plaintiffs filed their Objections and Response to Report and Recommendation of U.S. Magistrate Judge [Doc. #40]. On October 2, 2013, Defendant filed a response [Doc. #41].

The court notes that the Magistrate Judge prepared a detailed report and recommendation that addressed the issues raised in this case. After consideration of the briefing, the Magistrate Judge recommended the granting of Defendant's motion. The filing of objections is not an opportunity for Plaintiffs to reopen summary judgment evidence and present new arguments. Nor is it an opportunity to infer facts or arguments that were not actually present in the pleadings and summary judgment response.

1

Plaintiffs' first objections address the disposition of their fraud claims. After the briefing on the motion for summary judgment, Plaintiffs filed a Second Amended Complaint on September 11, 2013 [Doc. #36]. Defendant seeks to strike this new pleading; however, the filing of a new complaint is permitted under the court's scheduling order. The Magistrate Judge addressed the new fraud allegations, finding that these new claims would be barred by the applicable statute of limitations.

The court first agrees with Defendant that the fraud allegations do not meet the pleading requirement of Federal Rule of Civil Procedure 9. Even if the fraud allegations were properly pleaded, the court agrees with the Magistrate Judge that the applicable statute of limitations would bar the new claims. Plaintiffs argue that Defendant's fraud scheme was continuing for years and that it would be unreasonable to argue that the statute of limitations bars these claims. Plaintiffs assert that the starting of the statute of limitations is a genuine issue of material fact and that they did not discover the fraud until they consulted with a financial advisor in July 2013. Plaintiffs' argument is misplaced. The Fifth Circuit has recently addressed the issue of the accrual date of a claim arising from a loan, concluding the legal injury occurs when the lender makes the loan, not when the debtor discovers the alleged injury. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 675 (5th Cir. 2013). "The discovery rule is a 'very limited' exception and will be applied only 'when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable.'" *Id.* Even if the discovery rule applied regarding obtaining a loan, which it does not as a matter of law, the alleged injury would not have been either undiscoverable or verifiable. In addition, there is no allegation that this was a continuing tort. Plaintiffs' objections are overruled, and the Magistrate Judge was correct in dismissing the fraud claims.

Plaintiffs next object on the show-me-the-note theory, asserting that Defendant never offered an affidavit in support of its note, as required under Texas law, and has simply produced a photocopy that does not speak to the holder of the note.  The Magistrate Judge correctly found that neither production of, nor possession of, the note is necessary for a non-judicial foreclosure under the Texas Property Code.  This objection is overruled.

Plaintiffs next set forth the summary judgment standard and object that the Magistrate Judge failed to apply the proper standard by failing to consider all evidence in the light most favorable to Plaintiffs.  Plaintiffs assert that there are material fact issues in this case.  Plaintiffs fail to explain how the Magistrate Judge failed to follow the summary judgment standard, other than generally asserting that it was not followed.  Plaintiffs fail to point the court to any material fact issues that they assert were raised by the evidence in this case.  The Magistrate Judge addressed the facts of this case, and the court finds that there are no disputed fact issues that prevent the granting of Defendant's motion.  The objection is overruled.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiffs [Doc. #40], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment [Doc. #33] is **GRANTED** and Plaintiffs' case is **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **22** day of **November, 2013.**

_____
Ron Clark, United States District Judge